IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | Cr. No. 3:09-825-CMC |
|---|---|
| v. | |
| Moray Jamel Walker | Opinion and Order |
| Defendant. | |

On May 31, 2016, Defendant filed a *pro se* motion under 28 U.S.C. § 2255 to vacate his sentence in light of *Johnson v. United States*, 576 U.S. __, 135 S.Ct. 2551 (2015) and *Welch v. United States*, 578 U.S. __, 136 S.Ct. 1257 (2016). ECF No. 1518. The Government filed a response in opposition and motion for summary judgment on June 17, 2016. ECF No. 1523. On June 28, 2016, the Government moved to stay consideration of the § 2255 motion pending the decision by the United States Supreme Court in *Beckles v. United States*, No. 15-8544 (2016). ECF No. 1527. The court stayed this action pending *Beckles* on August 9, 2016. ECF No. 1545. After *Beckles* was decided, the Government filed additional support for its motion for summary judgment. ECF No. 1579. On April 12, 2017, Defendant filed a motion to dismiss without prejudice pursuant to Federal Rule of Criminal Procedure 41(a)(2). ECF No. 1589. The Government filed a response in opposition on April 25, 2017. ECF No. 1603.

On March 6, 2017, the Supreme Court issued an opinion in *Beckles*, holding "the advisory Guidelines are not subject to vagueness challenges under the Due Process clause." *Beckles*, __ U.S. __, 137 S.Ct. 886, 890 (2017). Therefore, the residual clause in §4B1.2(a)(2) of the sentencing guidelines is not void for vagueness. *Id.* at 892. Because the residual clause of the

career offender sentencing guideline is not void for vagueness, Defendant is unable to challenge his career offender status.

In addition, Defendant's § 2255 motion is untimely. A 1-year period of limitation applies to motions under § 2255.

> The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ."

28 U.S.C. § 2255(f)(1)-(3). To meet timeliness under § 2255(f)(3), Defendant relied on *Johnson v. United States*, 576 U.S. __, 135 S.Ct. 2251 (2015), which invalidated the residual clause of the Armed Career Criminal Act as void for vagueness. That right was newly recognized by the Supreme Court and declared retroactively available to cases on collateral review by *Welch v. United States*, 578 U.S. __, 136 S. Ct. 1257 (2016). Defendant argued that the residual clause of the career offender guideline was also void for vagueness, and therefore he was eligible to file his motion within one year of the *Johnson* decision and be deemed timely under § 2255(f)(3). However, as noted above, the *Beckles* court decided the career offender guideline was not void for vagueness; therefore, there is no right newly recognized by the Supreme Court and made retroactive for cases on collateral review that Defendant falls under. Therefore, his motion under § 2255 is untimely, as it does not meet the requirements of § 2255(f)(3).[1]

---

[1] Defendant does not meet the requirements of § 2255(f)(1) as his conviction was final in 2010.

Defendant's § 2255 motion is untimely and fails on the merits. The Government's motion for summary judgment is granted, and Defendant's § 2255 motion is dismissed with prejudice. Defendant's motion to dismiss is denied.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
May 22, 2017