IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America,<br><br>vs.<br><br>Moray Jamel Walker,<br>                 Defendant. | Criminal No. 3:09-825-CMC<br><br>**OPINION AND ORDER** |

This case comes before the court on Defendant's Motion for Relief Under First Step Act of 2018. ECF No. 1691. The Government filed a Response in Opposition (ECF No. 1701), Defendant filed a Reply (ECF No. 1702), the Government filed a response (ECF No. 1703), and Defendant filed a "Motion for Relief from Prejudicial Duplicity" (ECF No. 1713). The United States Probation Office filed a Sentence Reduction Report indicating Defendant does not qualify for relief under the Act. ECF No. 1677.

The court has reviewed the above filings as well as the Superseding Indictment (ECF No. 319), Defendant's Plea Agreement (ECF No. 543), Transcript of Rule 11 hearing (ECF No. 1711), and PreSentence Report ("PSR") (ECF No. 1677-1), and concludes that Defendant is not eligible for relief under the First Step Act.

Defendant entered a guilty plea to Count 1 of the Superseding Indictment, which charged Defendant:

> knowingly and intentionally did combine, conspire, agree and have tacit understanding with each other and with others, both known and unknown to the grand jury, to knowingly, intentionally, and unlawfully possess with intent to distribute and to distribute cocaine and cocaine base (commonly known as "crack" cocaine), both Schedule II controlled substances, said conspiracy involving 5 kilograms or more of cocaine, and 50 grams or more of "crack" cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A); All in violation of Title 21, United States Code, Section 846.

ECF No. 319 at 1.

The Plea Agreement provided:

The Defendant agrees to plead guilty to Count 1 of the Indictment now pending, which charges: (1) conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of "crack" cocaine, a violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A). In order to sustain its burden of proof as to these offenses,[1] the Government is required to prove the following:

Count 1

(1) The conspiracy was knowingly and willfully formed and was in existence on or about the dates set forth in the Superseding Indictment;
(2) The Defendant joined the conspiracy with knowledge of the conspiracy's unlawful purpose; and
(3) The defendant distributed 50 grams of "crack" cocaine and 5 kilograms or more of cocaine, agreed to the distribution of those quantities or the distribution of those quantities was reasonably foreseeable to the defendant and within the scope of his agreement.

Possible Penalties for 21 U.S.C. § 846
A mandatory minimum term of twenty years, a maximum of life, a maximum fine of $8 million dollars, a term of supervised release of 10 years and a $100.00 special assessment.[2]

ECF No. 543 at 1-2.

---

[1] The Plea Agreement originally also included a plea of guilty to one count of an Information charging conspiracy to launder drug money, but at the Rule 11 hearing the factual basis for the count of the Information was not agreed to by Defendant and therefore stricken from the Plea Agreement. Defendant entered a plea only to Count 1 of the Superseding Indictment. ECF No. 1711 at 42-43.

[2] Defendant's mandatory minimum was enhanced based on a prior felony drug conviction, from 10 to 20 years. 21 U.S.C. § 851.

At the Rule 11 hearing, the court advised Defendant:

> Mr. Walker, as to you they would have to be able to prove the same three things, except they would have to be able to prove that you either personally distributed 50 grams of crack and five kilos or more of cocaine, or you agreed to assist others in that endeavor, or it was reasonably foreseeable to you and within the scope of your agreement that co-conspirators would do that. Do you understand in count 1 what the Government would have to prove against you?
> Mr. Walker: Yes, Your Honor.

ECF No. 1711 at 32. The Government, through Special Agent Michael Stansbury, summarized the evidence against Defendant, explaining Defendant was "one of the original founders of this conspiracy. . . they then joined or formed this cocaine conspiracy, which actually was formed a few months prior to the date in the indictment, in June of 2006." *Id.* at 36. He explained Defendant and others

> bought multiple kilograms over the life of this conspiracy, well in excess of five kilograms of cocaine. The organization would take that cocaine back to various houses they had in Columbia, store the cocaine, divide it up among themselves, and go sell that cocaine. Mr. Walker himself, also in addition to selling cocaine, would sell crack cocaine. In the organization individuals . . . would cook the cocaine into crack for them, and they would sell it on the streets. Mr. Walker may have cooked some of his own into crack . . . Mr. Walker himself did distribute more than 50 grams of crack cocaine during this conspiracy and received more than five kilograms, or was a part of receiving more than five kilograms.

*Id.* at. 37.

> Thereafter the court inquired of Defendant as follows:
>
> The court: So now, Mr. Walker, I'm just going to be asking you about the drug conspiracy part of what Agent Stansbury said. Do you agree or disagree with what he said you did?
> Mr. Walker: I agree.
> The court: And you admit that you were involved in over 50 grams of crack?
> Mr. Walker: Yes, ma'am.
> The court: You admit that you were involved in over five kilos of powder?

3

> Mr. Walker: Yes, ma'am.
> . . .
> The court: Then how do you wish to plead to count 1, not guilty or guilty?
> Mr. Walker: Guilty.

*Id.* at 43:15-44:2, 45:5-6.

The PSR described Defendant's involvement in a large drug trafficking organization which distributed multi-ounce to multi-kilogram quantities of cocaine and cocaine base in the Columbia area of South Carolina. ECF No. 1677-1 at ¶ 17. The PSR notes Defendant "acquired and distributed more than 5 kilograms of cocaine and/or more than 50 grams of crack during the course of the conspiracy." *Id.* The PSR, however, did not seek to account for the total amount of cocaine and cocaine base attributable to the conspiracy to which Defendant entered a plea of guilty. Rather, it was aimed at establishing an amount that would determine Defendant's Guideline range within the statutory limits of Count 1, to which Defendant had admitted guilt as to five kilograms or more of cocaine and 50 grams or more of cocaine base.

The court will deny Defendant's motion. The record reflects Defendant agreed to plead guilty and did plead guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine <u>and</u> 50 grams or more of cocaine base. He admitted he was "involved" with at least five kilograms of cocaine and 50 grams of crack during the conspiracy. His statutory penalty was not therefore controlled only by his guilty plea to conspiracy involving 50 grams or more of cocaine base. Because he also admitted guilt to conspiracy to distribute five kilograms or more of cocaine, his statutory penalty range was 20 years to Life.

Defendant has also argued the "dual drugs and amounts" in count 1 act as "prejudicial duplicity." ECF No. 1713. The intent of the First Step Act's cocaine base penalty changes was to provide Fair Sentencing Act relief to those whose statutory range was driven by cocaine base disparities before the passage of the Fair Sentencing Act. Persons convicted of cocaine base offenses, but whose statutory ranges were not affected, are not eligible for relief. That is what happened here. Defendant's cocaine base conviction had no effect on his statutory range because he faced the same range on his conviction for cocaine. Splitting the two into separate counts, as advocated by Defendant, would not affect the statutory range applicable to the cocaine count. Defendant would remain convicted under 21 U.S.C. § 841(b)(1)(A), facing the same statutory penalty.

The First Step Act amended penalties for cocaine base, but not cocaine. Because Defendant also admitted guilt to a cocaine offense carrying the same penalty, he is not eligible for relief. For reasons set forth above, Defendant's Motion for Relief Under First Step Act (ECF No. 1691) and Motion for Relief from Prejudicial Duplicity (ECF NO. 1713) are denied.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
May 14, 2019